74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
June I. CHAMBERLAIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3736.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1996.
 
 Before RADER, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner June I. Chamberlain challenges the decision of the Merit Systems Protection Board, Docket No. DE-0831-95-0069-I-1, in which the Board upheld the decision of the Office of Personnel Management (OPM) denying Chamberlain's request for survivor annuity benefits under the Civil Service Retirement Act (CSRA). Because substantial evidence supports the Board's decision that Chamberlain did not establish entitlement to an annuity, we affirm.
 
 BACKGROUND
 
 2
 Fred S. Chamberlain retired from federal service in 1969. On August 10, 1993, he married petitioner June I. Chamberlain. On February 4, 1994, Fred Chamberlain was admitted to Tucson Medical Center and subsequently diagnosed with Legionella Pneumonia. On February 12, during his stay at the hospital, he fell to the floor in his hospital room. According to medical records, he did not lose consciousness from the fall, he denied feeling any pain or experiencing dizziness or blurred vision, and there was no evidence of hematoma or tenderness. Less than 11 hours later, however, he died. Although no post-mortem was done, the death certificate listed the immediate cause of death as "Pneumonia (Legionella)."
 
 
 3
 Petitioner applied to OPM for a widow's survivor annuity under the CSRA. OPM denied her request on the grounds that (1) she had not been married to her husband for at least nine months and (2) she was not the mother of children by that marriage. See 5 U.S.C. Sec. 8341(a)(1). On appeal to the Board, she argued that she was nevertheless entitled to benefits because her husband's death was caused by his fall, not pneumonia, and thus was "accidental" within the meaning of 5 U.S.C. Sec. 8341(i)(1). Following a hearing, the administrative judge concluded that petitioner had failed to prove that her husband's death was accidental. The full Board denied her petition for review.
 
 DISCUSSION
 
 4
 To obtain survivor annuity benefits under the accidental death provision of the CSRA, the survivor must prove by a preponderance of the evidence that the decedent's death resulted from "homicide or from bodily injuries incurred solely through violent, external, and accidental means." 5 C.F.R. Sec. 831.642(d)(1). A death is not accidental if it was even partially or indirectly caused by disease or bodily infirmity. 5 C.F.R. Sec. 831.618(d)(1)(i).
 
 
 5
 Petitioner argues that the administrative judge erred by concluding that she had not proved that her husband's fall was the sole cause of his death. After weighing the medical records and hearing testimony, the administrative judge found that there were ambiguities in the case that raised questions about the conclusion in the death certificate that Fred Chamberlain died as a result of pneumonia. Nonetheless, the administrative judge concluded that those ambiguities were not enough to satisfy petitioner's burden to prove that the fall was the sole cause of her husband's death. As the administrative judge explained, a death "caused partially or indirectly by disease or bodily infirmity, or by medical treatment or diagnosis does not constitute an accidental death under the regulations."
 
 
 6
 The administrative judge's conclusion that the fall was not shown to be the sole cause of Fred Chamberlain's death is supported by substantial evidence. Chamberlain was seriously ill at the time and had been found to have an abnormal heart condition. Although petitioner called into question the hospital's conclusion that her husband died as a result of his pneumonia, she did not offer persuasive evidence to support her thesis that the fall was the sole cause of his death.
 
 
 7
 Petitioner argues that the administrative judge gave undue weight to the testimony of one of her husband's doctors, whose testimony she argues was motivated by fear of a wrongful death action. The record, however, shows that the administrative judge gave the doctor's testimony more weight on some issues and less weight on others. Credibility determinations made in the course of MSPB proceedings are entitled to great deference. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). We find no reversible error in the administrative judge's partial reliance on the physician's testimony.